**Bonnie D. WALLACE, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE \*, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 06–15897.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed May 1, 2008.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., Office of the U.S. Attorney, Phoenix, AZ, Katherine R. Loo, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*

Appellant, Bonnie D. Wallace, appeals the district court's affirmance of the Social Security Administration Commissioner's final decision denying her application for benefits. In a comprehensive decision, the district court reviewed the administrative law judge's ("ALJ's") findings and the determinations that Wallace's testimony lacked credibility and that the opinion of the treating physician was inconsistent with the record. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

It is not disputed that Wallace suffers from fibromyalgia, sleep apnea, obesity and depression. Her treating physician, Dr. Wade, in a conclusory report, found that she was unable to do sustained work. His conclusion was not consistent with the opinions of several examining physicians as to Wallace's residual functional capacity. The adverse credibility finding is supported by substantial evidence in the record. *See Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir.2002). Wallace provided

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

inconsistent information to the doctors concerning her condition and her past history of drug and alcohol use, as well as her history of psychiatric treatment.

With the exception of the treating physician, Dr. Wade, all of the examining and non-examining physicians concluded that Wallace could perform simple work on a regular and continuous basis. The vocational expert indicated, when asked by the ALJ, that a hypothetical person with the same limitations as Wallace could find employment as a cashier.

Accordingly, the ALJ did not err in rejecting the opinion of the treating physician, *see Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989), or in concluding that Wallace retains the ability to perform a significant number of jobs, *see* 20 C.F.R. §§ 404.1520(g). The ALJ's finding that Wallace's testimony concerning her subjective complaints was not credible was supported by substantial evidence. The district court, on the basis of the full review of the record, properly granted the appellee's motion for summary judgment.

**AFFIRMED.**